COPY

FILED
JUDY BARNHILL, CIRCUIT COURT CLERK
MAR 30 2010
DEPUTY CLERK
A.M. 3:22

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

| | |
|---|---|
| SANDRA EMERY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. C-10-96 |
| | ) Div. III |
| GENERAL ELECTRIC COMPANY, | ) Judge Page |
| Defendant. | ) ) |

## COMPLAINT

Comes now the Plaintiff, Sandra Emery, by and through counsel, and for her Complaint against the Defendant would state as follows:

### JURISDICTION AND VENUE

1. Plaintiff, at all times hereinafter mentioned, was, and remains a resident of Jackson, Madison County, Tennessee.

2. Defendant, General Electric Company, is a corporation incorporated under and existing by virtue of the laws of the State of New York, having its principal address as 1 River Road, Schenectady, New York, 12345. The headquarters of Defendant is located at 3135 Easton Turnpike, Fairfield, Connecticut 06828.

3. Defendant's registered agent for service of process within the State of Tennessee is: CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

4. At all times relevant hereto, Defendant has conducted business in the State of Tennessee.

5. Venue is proper in this Court pursuant to Tenn. Code Ann. §20-4-106.

EXHIBIT
A

## MANUFACTURE AND SALE OF PRODUCT

6. Defendant manufactures, among other things, an appliance which it markets under the name of Spacemaker XL Microwave Oven.

7. Defendant distributes their manufactured appliances to wholesale and retail outlets and dealers all over the United States, including the State of Tennessee.

8. Defendants have engaged in substantial advertising campaigns to promote the sales of their products, including, the Spacemaker XL Microwave Oven, which advertises and stresses the quality, utility, and safety of said appliance.

9. At all times relevant hereto, Defendant was doing business within the State of Tennessee.

## FACTS

10. Plaintiff purchased a mobile home from Classic Mobile Homes, Inc. in Jackson, Madison County, Tennessee on or about October 30. 2001. The Spacemaker XL microwave, Model Number: JVM1630WB; Serial Number: HZ945539S, ("Microwave") was installed in the mobile home prior to purchase.

11. The microwave was manufactured by the Defendant in May 2000.

12. There were no indications that the microwave had been improperly installed.

13. On or about September 17, 2009, Plaintiff entered her kitchen to prepare food. She pushed the button on the microwave to activate the light over the stove. The appliance was not in use at the time. Almost immediately, the microwave, without any warning to Plaintiff, burst into flames and caused a fire to erupt in her kitchen. To prevent the fire from worsening, Plaintiff attempted to remove a pan of grease from the stove. As Plaintiff was removing the grease it was set ablaze by the fire from the microwave. The fire caused Plaintiff to suffer burns on her hands, arms, and legs.

14. Plaintiff alleges upon information and belief that the microwave contained defects that caused the microwave to, without warning, emit fire and smoke.

15. Plaintiff alleges upon information and belief that these defects were present in the microwave when it left the control of the Defendant.

16. Plaintiff alleges upon information and belief Defendant had reason to know of the

defects in this brand of microwave prior to the injury suffered by Plaintiff.

17. The microwave was the cause of the fire which occurred in Plaintiff's residence on or about September 17, 2009 causing serious injuries to Plaintiff and her property.

## PRODUCTS LIABILITY

18. Pursuant to Tenn. Code Ann. §29-28-101, et seq, the Defendants are liable to the Plaintiff for personal injuries, losses, loss of earning capacity, lost income, pain and suffering, loss of enjoyment of life and association and other damages under strict liability, negligence, and gross negligence and breach of implied warranties under the statutory and common law of Tennessee.

19. The allegations of paragraphs 1 through 17 of the Complaint are hereby incorporated by reference into this count of the Complaint as if set forth verbatim herein.

20. Defendant is engaged in the business of manufacturing and selling appliances, including the aforementioned microwave.

21. The microwave was expected to ultimately reach a private consumer.

22. Plaintiff alleges upon information and belief that the microwave reached Plaintiff, a private consumer, without substantial change in the condition which it was sold.

23. Defendant allowed a product in a defective condition to enter into the normal stream of commerce resulting in its installation in the mobile home purchased by Plaintiff. The purchase of the mobile home containing the defective product by a private consumer was foreseeable to the Defendant.

24. The Defendants allowed a product in a defective condition to enter into the normal stream of commerce ultimately resulting in the injury to Plaintiff.

25. Defendant allowed a product in an unreasonably dangerous condition to enter into the normal stream of commerce resulting it its installation in the mobile home purchased by Plaintiff. The purchase of the mobile home containing the defective product by a private consumer was foreseeable to the Defendant.

26. Defendant allowed a product in an unreasonably dangerous condition to enter into the normal stream of commerce ultimately resulting in the injuries to Plaintiff.

27. The product was in a defective condition at the time it left Defendant's control which rendered it unsafe for normal or anticipatable use and consumption.
28. The product was in an unreasonably dangerous condition at the time it left Defendant's control which rendered it unsafe for normal or anticipatable use and consumption.
29. Plaintiff alleges upon information and belief had the microwave been properly manufactured and/or free from defects, Plaintiff would not have suffered said injuries.
30. The acts and omissions of the Defendant, as set forth hereinabove, amount to negligence, gross negligence, reckless disregard, and strict liability in tort.
31. The Defendant, moreover, is liable for the following acts and/or omissions as defined by the Restatement of Torts, Second:

   A. §388. Chattel Known to be Dangerous for Intended Use.

   One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

   (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

   (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and,

   (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

   B. § 394. Chattel Known to Be Dangerous

   The manufacturer of a chattel which he knows or has reason to know to be, or to be likely to be, dangerous for use is subject to the liability of a supplier of chattels with such knowledge.

### C. § 395. Negligent Manufacture of Chattel Dangerous Unless Carefully Made.

A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, should recognize as involving an unreasonable risk of causing physical harm to those who use it for a purpose for which the manufacturer should expect it to be used and to use, is subject to liability for physical harm caused by them by its lawful use in a manner and for a purpose for which it is supplied.

### D. § 402A. Special Liability of Seller of Product of Physical Harm to User or Consumer.

(1) One who sells any product in a defective condition unreasonably dangerous to the use or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer or to his property, if

> (a) the seller is engaged in the business of selling such a product, and

> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

> (a) the seller has exercised all possible care in the preparation and sale of his product, and

> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

### E. § 402B. Misrepresentation by Seller of Chattels to Consumer

> One engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon the misrepresentation, even though

> (a) it is not made fraudulently or negligently, and

> (b) the consumer has not bought the chattel from or entered into any contractual relation with the seller.

32. As the direct and proximate result of the Defendants' acts and omissions as set forth hereinabove, the Plaintiff suffered injuries.

33. The Defendant's above referenced acts, omissions, and/or decision to manufacture and place a defective and unreasonably dangerous product in the normal stream of commerce resulting in harm to Plaintiff amounts to strict liability in tort for Plaintiff's damages, both property damage and personal injury, and was the direct and proximate cause of Plaintiff's injuries.

34. The Defendants' above referenced acts, omissions, and/or decision to not warn or alert or provide an adequate warning amounts to a negligent and/or intentional and/or reckless failure to warn and such absence of an adequate warning was a direct and proximate cause of Plaintiff's injuries.

### TENNESSEE CONSUMER PROTECTION ACT

35. The allegations of paragraphs 1 through 34 of the Complaint are hereby incorporated by reference into this count of the Complaint as if set forth verbatim herein.

36. Plaintiff alleges upon information and belief that Defendant engaged in unfair or deceptive acts or practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101, *et seq.*

37. Plaintiff is therefore entitled to all damages available to them under the Tennessee Consumer Protection Act, including attorney's fees.

### BREACH OF IMPLIED WARRANTIES

38. The allegations of paragraphs 1 through 37 of the Complaint are hereby incorporated by reference into this count of the Complaint as if set forth verbatim herein.

39. At all times relevant herein there was in effect Tenn. Code Ann. §47-2-314 entitled "Implied Warranty–Merchantability-Usage of Trade" which states in relevant part:

    (1) Unless excluded or modified (§47-2-316), a warrant that the goods

    shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

  (2) Goods to be merchantable must be at least such as:

    (a) pass without objection in the trade under the contract description; and.....

    (c) are fit for the ordinary purposes for which such goods are used; and....

    (f) conform to the promises or affirmations of fact made on the container or label if any.

40. The implied warranty of Merchantability extended to the Plaintiff in this case because the product was in a defective and unreasonably dangerous condition.

**WHEREFORE**, Plaintiff prays:

1. For proper service to issue against the Defendant;

2. For damages in the amount of One Hundred Thousand Dollars ($100,000.00);

3. For treble damages as authorized by the Tennessee Consumer Protection Act;

4. For reasonable attorney's fees incurred as a result of this action, together with all costs incurred by Plaintiff as a result of this action, as authorized by the Tennessee Consumer Protection Act;

5. For Defendant to be responsible for the costs of this cause, and;

6. For such other further and general relief to which Plaintiff may be entitled.

        Respectfully Submitted,

        HARDEE, MARTIN, & DONAHOE, PA

        */s/ Andrea D. Sipes*
        DAVID HARDEE, BPR #006239
        ANDREA D. SIPES, BPR #028036
        Attorneys for Plaintiff, Sandra Emery
        213 East Lafayette St.
        Jackson, TN 38301
        Telephone: (731) 424-2151
        Facsimile: (731) 424-8857

## COST BOND

We hereby acknowledge ourselves as sureties for the costs of this cause.

HARDEE, MARTIN, & DONAHOE, PA

*Andrea D. Sipes*
Andrea D. Sipes
